# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CITY GEAR, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02213-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| WH ADMINISTRATORS, INC., JAS. D. ) | |
| COLLIER & CO., d/b/a Collier Insurance, ) | |
| SUSANNE SHEIL, BRENDAN TURNER, ) | |
| and BRANDON STAHL, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff moves the Court to award attorneys' fees and costs against Defendants WH Administrators, Inc. ("WHA"), Susanne Sheil, and Brendan Turner. (ECF No. 73.) In its supplemental declaration, Plaintiff seeks $56,982.50 in reasonable attorneys' fees and $24,467.25 for costs of the action. (ECF No. 79.) For good cause shown and the reasons below, the Court **GRANTS** Plaintiff's motion.

## **BACKGROUND**

For background, Plaintiff sued WHA, Turner, and Sheil under the Employee Retirement Income Security Act of 1974 ("ERISA"). (ECF No. 1.) Plaintiff claimed that Defendants made misrepresentations about Plaintiff's WHA insurance plan. (*Id.*) From mid-2016 to mid-2017, Plaintiff and its participants paid their premiums and fees, but Defendants WHA, Turner, and Sheil refused to pay valid claims. (*Id.*)

And once Plaintiff initiated this litigation, those Defendants failed to defend themselves. For that reason, Plaintiff moved for default judgment. (ECF No. 32.) The Court granted Plaintiff's motion and entered default judgment as to Defendants WHA, Sheil, and Turner only. (ECF No. 33.) The Court then held a damages hearing and granted Judgment for $141,544.58 plus post judgment interest. (ECF Nos. 71 & 72.) At that hearing, Plaintiff's counsel notified the Court that he would be moving for attorneys' fees and costs, and the Court directed him to submit his billing statements with that motion. (ECF No. 71.) Plaintiff''s counsel has now done so.

For the reasons below, the Court **GRANTS** Plaintiff's motion for attorneys' fees and costs.

### STANDARD OF REVIEW

ERISA gives district courts discretion to award attorneys' fees and costs. 29 U.S.C. § 1132(g)(1). But the moving party must show "some degree of success on the merits." *Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242, 255 (2010).

What is more, the Sixth Circuit uses the following five "*King*" factors in deciding whether to award fees and costs:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions about ERISA; and (5) the relative merit of the parties' positions.

*Dept. of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985); *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 936–37 (6th Cir. 1996).

In addition to these requirements, a party claiming entitlement to attorneys' fees and related expenses must generally move for those fees under Rule 54(d)(2) of the

Federal Rules of Civil Procedure. And the movant must specify the grounds on which he is seeking the award and the amount he is seeking. Fed. R. Civ. P. 54(d)(2)(B)(ii)–(iii). The movant is also required under the Local Rules to submit a memorandum of law supporting the award, an affidavit detailing the number of hours spent on "each aspect of the case" and the rate typically charged by the attorney, and the affidavit of an attorney in the community, who has no other involvement in the matter, "setting out the prevailing rate charged in the community for similar services." LR 54.1(b).

## ANALYSIS

Plaintiff here has shown success on the merits and complied with all requirements in moving for attorneys' fees. For starters, the Court awarded Judgment in Plaintiff's favor, which shows that Plaintiff was successful on the merits. (ECF No. 73.) Further, Plaintiff submitted a memorandum explaining why the five *King* factors weigh in their favor. (ECF No. 73-1 at PageID 370–72.) And the Court agrees with Plaintiff's analysis.

First, Defendants acted in bad faith, because they breached their ERISA fiduciary duties, refused to pay valid claims, and failed to "even appear to attempt to defend their actions." (*Id.*) Second, Defendants may not have the ability to pay an attorneys' fee award, but that factor does not outweigh the others. (*See id.*) Third, Defendants committed egregious conduct, and an award of attorneys' fees would serve as an example to other would-be wrongdoers. (*See id.*) Fourth, Plaintiff initiated this action to cover unpaid health claims, and thus, sought to confer a common benefit on plan participants and beneficiaries. (*Id.*) Fifth, Plaintiff was successful on the merits, and Defendant defaulted. (*Id.*) And so, Defendants chose not to contest Plaintiff's claims here. Overall four of the five *King* factors weigh in Plaintiff's favor.

In the end, the *King* factors show that the Court should award Plaintiff attorneys' fees and costs. And so, the Court **GRANTS** Plaintiff's motion for an award of attorneys' fees and costs. The Court must now assess whether Plaintiff's calculations are reasonable.

## CALCULATION OF FEES AND COSTS

Federal courts calculate an award of reasonable attorneys' fees by using the "lodestar" method. *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986). This method involves multiplying the reasonable hourly rate by the reasonable number of hours expended on the litigation. *Blum v. Stenson*, 465 U.S. 886, 888 (1984). Additionally, courts will compensate parties for the work of paralegals and law clerks. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285–86 (1989).

The burden of proof lies with the movant. "The party seeking attorney's fees 'bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" *Yellowbook, Inc. v. Brandeberry*, 708 F.3d 837, 848 (6th Cir. 2013) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). "The key requirement for an award of attorney's fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Inwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008).

## ANALYSIS OF FEES AND COSTS

Plaintiff submitted declarations from Attorney Thomas L. Henderson (ECF Nos. 73-2, 73-3, & 79), a declaration from Attorney John R. Russell (ECF No. 73-4), a summary of attorneys' fees and hours (ECF No. 79-1), a summary of costs of action (ECF No. 73-6), and

invoices billed to Plaintiff (ECF No. 80).  And Plaintiff used the lodestar method to calculate fees and costs.  (*See* ECF No. 73-1.)  Based on these documents, Plaintiff seeks $56,982.50 in reasonable attorneys' fees and $24,467.25 for costs of the action.  (ECF No. 79.)

Plaintiff's summaries of fees and costs thoroughly breakdown the requested fees and expenses in this matter.  (*See* ECF Nos. 79 & 80.)  What is more, Attorney Russell is not associated with this case.  (*See* ECF No. 73-4.)  And he submitted a declaration verifying that he reviewed the hourly rates and fees and that they are standard for this area and this type of litigation.  (*Id.*)

Having reviewed the record, the Court finds that Plaintiff has met its burden in showing reasonable attorneys' fees and litigation costs.  The Court shall enter an award of $56,982.50 in reasonable attorneys' fees and $24,467.25 for costs of the action.

## **CONCLUSION**

The Court **GRANTS** Plaintiff's motion for attorneys' fees and costs against Defendants WHA, Sheil, and Turner.  (ECF No. 73.)  And the Court **AWARDS** Plaintiff $56,982.50 in reasonable attorneys' fees and $24,467.25 for costs of the action.

**SO ORDERED**, this 14th day of July, 2021.

   s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE